UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN I. LAINFIESTA,

            *Plaintiff*,

-against-

LIVERMORE, Block Sergeant, Great Meadow Correctional Facility; BERNARD WHITTIER, Correction Officer, Great Meadow Correctional Facility,

            *Defendants*.

**SO-ORDERED STIPULATION OF DISMISSAL PURSUANT TO FRCP 41(a)**

11-CV-1099 (NAM/CFH)

---

      IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff SHAWN I. LAINFIESTA and Defendant BERNARD F. WHITTIER that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, dismissed on the merits, with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure under the particular circumstances of this case, on the following terms and conditions, which it is agreed are of, and shall have, no legal precedential value in any other case either between the parties to this case or any other parties:

      1.    Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys' fees of any kind or nature, except as hereinafter set forth.

      2.    Plaintiff discharges and releases Defendant Whittier and the State of New York, its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether

presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims pertaining to the underlying facts, circumstances or incidents that gave rise to the captioned action, or any results of the afore-mentioned facts, circumstances or incidents.

3. No provision of this Stipulation of Dismissal shall be interpreted as an acknowledgment by any party of the validity of any of the allegations or claims made in this action.

4. This Stipulation of Dismissal does not constitute a determination of, or admission by, any party to any underlying allegations, facts or merits concerning the parties' respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This Stipulation of Dismissal does not form, and shall not be claimed as any precedent for or an agreement by the parties to, any generally applicable policy or procedure in the future.

5. Following the execution of this Stipulation of Dismissal and after it has been so-ordered by the Court, plaintiff shall be paid the sum of $1,000.00 in full settlement of any and all claims, inclusive of all costs and fees. Payment shall be made in one check, payable "Shawn I. Lainfiesta", and shall be deposited into Inmate Lainfiesta's inmate account at whatever correctional facility in which he is being housed at the time such payment is issued.

6. Payment of the amount specified herein is conditioned upon the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

7. Payment of the amount in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by defendants' counsel of a copy of this so-ordered Stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and this action shall then be placed back on the active docket without prejudice.

9. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day or 150 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
February 24, 2014

_April 04th_, 2014

SHAWN LAINFIESTA, Plaintiff, 95-A-2531
Bare Hill Correctional Facility
181 Brand Rd.
Caller Box #20
Malone, New York 12953-0020

FOR PLAINTIFF:                    COSTELLO COONEY FERARON, PLLC
                                  *Pro Bono* Trial Counsel
                                  500 Plum Street
                                  Syracuse, NY 13204-1401

_April 17_, 2014             by _/s/ Jennifer L. Wang_
                                  Jennifer L. Wang, Esq.


FOR DEFENDANT WHITTIER:           ERIC T. SCHNEIDERMAN,
                                  Attorney General of the State of New York
                                  The Capitol
                                  Albany, New York  12224

_April 25_, 2014             by _/s/ James J. Seaman_
                                  JAMES J. SEAMAN
                                  Assistant Attorney General, of Counsel


SO ORDERED:
Albany, New York

_____April 28,_____, 2014     _/s/ Christian F. Hummel_
                                  Christian F. Hummel
                                  U.S. Magistrate Judge

ENTER:

4